

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

April 11, 1967

Hon. Dorsey B. Hardeman          Opinion No. M-57
Chairman
Committee on State Affairs       Re: Constitutionality of Senate
Texas Senate                         Bill 255, as amended.
Austin, Texas

Dear Senator Hardeman:

You have requested our opinion as to whether S. B. 255, as amended, would be constitutional if enacted by the Legislature in its present form.

In essence this bill prohibits the sale of merchandise, at wholesale or retail, below the cost thereof when such sale is made with the purpose or intent to injure competition. The stated purpose of the bill is "to safeguard the public against the creation or perpetuation of monopolies and to foster and encourage competition by prohibiting unfair, dishonest, deceptive, destructive and fraudulent practices by which fair and honest competition is destroyed and prevented." Such a purpose is a legitimate object for the exercise of the police power of the state of Texas. See Section 26, Article I of the Texas Constitution. See also, Attorney General's Opinion WW-1043 (1961) which is concerned with legislation closely analogous to the bill now presented.

Thirty-one states have enacted laws prohibiting sales below cost, and no such law has been held unconstitutional insofar as the power of the legislature to prohibit such sales is concerned. However, the constitutionality of any act of this nature can only be evaluated by examining its provisions in detail -

". . ./E/ven where the power has been conceded specific provisions have been invalidated. There is thus substantial indication that the real problem is one of draftsmanship, of choosing among diverse statutory pitfalls and yet accomplish/ing/ effective regulation." 52 Harv.L.Rev. 1142 (1939) at page 1144. See more recent cases collected in Lane Distributors v. Tilton, 81 A.2d 786, pages 795-796 (New Jersey S.Ct. 1951), accord.

The precise factors, on which the constitutionality of a statute of this nature turns, are for the most part suggested in an analysis contained in 52 Harv.L.Rev. 1142 (1939). These factors are listed in a numerical order below with a discussion following each. The points are to a large extent overlapping but provide a convenient frame of reference for discussion:

1. Scope - The act struck down by the Texas Supreme Court in the case of San Antonio Retail Grocers v. Lafferty, 297 S.W.2d 813 (Tex.S.Ct. 1957) was limited in effect to grocery stores alone. The proposed bill, on the other hand, applies to all retailers and whole-salers. The act is therefore not unconstitutional for promoting discrimination against any particular trade group and the Lafferty case is easily distinguished.

2. Exceptions - Since many sales below cost cannot be considered as unfair trade practices but are the result of errors in inventory control, variation in supply and demand, competitive forces or a combination of the above factors, and further, since a strict pro-hibition against all sales below cost would require a merchant to absorb losses which the public interest in preventing monopolization or promoting competition would not reasonably require; - statutes of this nature must exempt such transactions as: close-outs in good faith of part or all of the owner's stock; bona fide sales of seasonal, perishable, or deteriorated goods to prevent total loss to the vendor; and sales made under court order to protect creditors and sales made to meet legal competition. These requirements are met in Sections 8 and 9 of the Proposed Senate Bill 255, as amended.

3. Definition of Cost - Under the proposed bill, cost is pre-sumed to be lower of invoice or market, less any discounts from invoice, plus freight, a deemed cost of cartage and any taxes which are directly attributable to an item (not corporate franchise, income and ad valorem taxes - i.e. the definition does not include "overhead taxes" which would not normally be allocated to the sale of any particular product).

It would be difficult for a merchant accused of violation to seriously argue that he was prejudiced by application (as a presump-tion of his actual expenses) of the definition provided for "cost" under the proposed bill.

The problem of allocating overhead costs - i.e. of assigning general expenses to particular products and periods - has traditionally proved a source of difficulty in drafting a constitutional definition

of "cost" since any resolution of the problem, as a practical matter, must be somewhat arbitrary.  See discussion 57 Yale Law Journal 391 at page 394; 52 Harvard Law Review 1142 at page 1147.  Such constitutional problems as are inherent in allocating general overhead expenses have been avoided under Senate Bill 255, as amended, by giving the benefit of all doubts to one accused of violation - his costs are assumed to include no general overhead.

4.   Intent - The absence of intent as a prerequisite to a finding of violation was held to invalidate an earlier proposed act of this nature.  Attorney General's Opinion WW-123 (1957).  As proof of intent is required to sustain any litigation authorized by the act now proposed, we find no reason to review WW-123, but simply note it is inapplicable here.

5.   Remedies - Senate Bill 255, as amended, does not provide for criminal penalties.

The presence or absence of such penalties has frequently been cited as being an important consideration in determining the constitutionality of a bill of this nature.

See 52 Harv.L.Rev. 1142 (1939) at page 1145:

". . ./W/here the exemption /for sales below cost to meet competition/ is not expressly limited to legal competition, the way is opened to frustration of the statute if all members of the trade may as a defense assert that they were meeting each other's illegal prices.  On the other hand, there is hardship in making the seller ascertain at his peril whether competing prices are legal.  It might be sensible here to distinguish between defenses in criminal and injunctive proceedings, making bona fide belief a defense to the former but not to the latter."  (Emphasis added.)

See also McCormick on Evidence (West 1954) p. 661;

Validity of Statutory Presumptions:

". . .The distribution in civil cases of the burden of pleading, as between plaintiff and defendant, carrying with it usually the burden of proceeding with evidence and the burden of persuasion,.../need not be placed upon the plaintiff under the constitution/ /s/ince there is no reason for special protection of one party to the civil

case rather than the other as there is in criminal
cases. . .

". . .In the realm of criminal proceedings, however,
the rule is quite different.  The traditional common law
procedure emphasized that the burden of evidence and the
burden of persuasion are upon the government to establish
the guilt of the accused."

Accord, Twin City Candy and Tobacco Co. Inc. v. B. A. Weisman
Co., CCH, 1967 Trade Regulation Reports, p. 83, 708, in part as
follows:

"Except as to criminal prosecutions where a defen-
dant enjoys a presumption of innocence and the burden
is on the state, we suggest that the difficulty of proof
. . .may be overcome constitutionally by the adoption of
a statute which makes a sale below cost prima facie evi-
dence of predatory intent or effect.  While there is a
division of opinion with respect to the validity of such
a provision, the weight of authority, and we believe the
better reasoned decisions, hold there is no constitutional
impediment to requiring that in a civil case the vendor
must prove his below cost sales were made without predatory
intent or effect."  (March 20, 1967.)

As above stated, the proposed bill as amended does not contain
criminal sanctions - thus further doubts as to its constitutionality
may be removed.

Civil penalty sections such as have been provided for enforce-
ment in the proposed bill (along with injunctive relief and damages)
are brought to trial under the civil rules of evidence; both the
accused and the state are in the same positions as litigants in
civil actions; and, therefore, the presumptions of innocence need
not be in full force and effect.  Harrington v. State, 407 S.W.2d
467 (Tex.S.Ct. 1966); Cert. den. ___U.S.___ (Feb. 1967).

Pursuant to the above discussion we answer your question as
follows:

S. B. 255, as amended, meets all tests of constitutionality,
which are normally applied to "Unfair Sales Legislation" and, if
enacted, will be constitutional.

## S U M M A R Y

S. B. 255, as amended, would be constitutional if enacted into law by the Legislature.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Larry J. Craddock
Assistant Attorney General

APPROVED:

OPINION COMMITTEE
Hawthorne Phillips, Chairman
W. V. Geppert, Co-Chairman
Thomas Mack
Robert Owen
Kerns Taylor
Jack Sparks

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.